# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 97cr1798 JM |
|---|---|
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR REDUCTION OF SENTENCE |
| v. | |
| EMILIO VALDEZ-MAINERO, | |
| Defendant. | |

Defendant Emilio Valdez-Mainero, represented by the Federal Defenders of San Diego, Inc., seeks a 73 month reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The government does not oppose the Motion to the extent that the sentencing reduction does not exceed 12 months. For the reasons set forth below, the court reduces Defendant's sentence by nine months to effectuate his release on or about November 1, 2015, the first effective date of Amendment 782.

## BACKGROUND

Following his arrest in 1996, Defendant was housed at Metropolitan Correctional Center ("MCC") pending resolution of an extradition proceeding stemming from charges against Defendant in the Republic of Mexico. While incarcerated, Defendant

participated in criminal conduct resulting in two criminal cases in this district.[1]  In the present case, Defendant was charged with Conspiracy to Distribute Heroin, in violation of 21 U.S.C. §841(a)(1) for conspiring with others to smuggle heroin into the MCC for distribution.  Following his guilty plea, on August 14, 1998, Judge Napoleon A. Jones sentenced Defendant to a custodial term of 364 months and five years supervised release.  At the sentencing hearing, Judge Jones determined that Defendaqnt was a leader/organizer within the conspiracy and had obstructed justice by threatening a potential witness.

On January 3, 2013, the United States filed a sealed Rule 35(b) motion and, on July 11, 2013, Defendant was resentenced to a custodial sentence of 264 months, a 100-month reduction from the original sentence.  According to the Government, Defendant is scheduled for release on July 23, 2016.[2]

Defendant now moves to reduce his sentence pursuant to Amendment 782. Defendant takes a mathematical approach to his resentencing: the original guideline range was 326 to 405 months (total offense level 41) and the post-Rule 35 motion sentence was 264 months.  Defendant then takes the actual sentence imposed of 364 months and concludes that the 100-month Rule 35 reduction represents a 27% reduction to the original sentence.  Defendant then recalculates the amended sentence pursuant to the Sentencing Guidelines and Amendment 782 and concludes that the Guideline range is 262 to 327 months (total offense level 39).  Then Defendant takes the low end of the amended guideline range, reduces it by 27% (the proportionate

---

[1] The other case, 97cr2149, charged Defendant with conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§841(a)(1) and 846. Ultimately, Defendant pleaded guilty to the indictment and, on August 14, 1998, received a custodial sentence of 30 years with five years of supervised release. The sentence was imposed concurrent with the present case.  On March 20, 2013, the United States filed a Rule 35 motion in both cases and Defendant was resentenced to a custodial sentence of 260 months in 97cv2149 and to 264 months in 97cr1798, to run concurrently.  The court notes that Defendant has not moved for a reduction of sentence in 97cv2149.

[2] The court notes that Defendant apparently misstates the release date as July 23, 2017, and not 2016.  In his reply brief, Defendant did not refute that the BOP's Inmate Locator states that Defendant is to be released on July 23, 2016, and not 2017.

reduction between the original sentence and the post-Rule 35 sentence) and concludes that 191 months is an appropriate custodial sentence. The Government opposes the motion to the extent the request reduces the post Rule 25 sentence by more than 12 months.

## DISCUSSION

In general, a criminal sentence is final upon completion of direct review, and the sentencing court thereafter lacks authority to revisit it. <u>Dillon v. United States</u>, 560 U.S. 817 (2010); <u>United States v. Leniear</u>, 574 F.3d 668, 673 (9th Cir.2009). Section 3582(c)(2) states a limited exception to this rule, authorizing district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." <u>United States v. Dunn</u>, 728 F.3d 1151, 1155 (9th Cir.2013). Amendment 788 made Amendment 782 retroactive to previously sentenced defendants, limiting the effectuve date to November 1, 2015. The sentencing guidelines "instruct[] courts proceeding under section 3582(c)(2) to substitute the amended Guidelines range for the original Guidelines range, and then to 'leave all other guideline application decisions unaffected.' U.S.S.G. § 1B1.10(b)(1)." <u>United States v. Fox</u>, 631 F.3d 1128, 1131 (9th Cir.2011).

In <u>Dillon,</u> the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that § 1B1.10 applies when considering a reduction in sentence under Amendment 782.[3] The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." 560 U.S. at 821. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing]

---

[3] "As required by 18 U.S.C. §3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." §1B1.10(a)(1).

|   |   |
|---|---|
| 1 | the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Ibid. |

the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Ibid.

Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term "comparably" below the amended range. § 1B1.10(b)(2)(B).

At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.

Id.

Here, there is no dispute that Defendant is eligible for a sentencing reduction under step one of the analysis. In regard to a step two analysis, the moving papers do not argue any of the §3553 factors. Rather, Defendant contends that step two requires a mathematical application of the ratio of the Rule 35 reduction (100 months) to the actual sentence imposed (364 months, the Guideline midrange), minus one, then multiplied by the amended low-end guideline range (262 months), to yield an amended sentence of 191 months. Defendant argues that such a sentence is "comparable" within the meaning of §1B1.10(b)(2)(B).[4] However, this analysis is not supported by any legal authority for this mathematical approach and ignores the Supreme Court's instructions that, at step two, the court considers applicable §3553(a) factors, consistent

---

[4] In the ordinary course, the court may not reduce a sentence "to a term that is less than the minimum of the amended guideline range." §1B1.10(b)(2)(A). This limitation does not apply where a custodial sentence is reduced pursuant to Fed.R.Crim.P. 35 (or U.S.S.G. §5K1.1). Under these circumstances, the court is instructed to impose a term "comparably" below the amended guideline range. §1B1.10(b)(2)(B).

with relevant policy statements. Id.

Notwithstanding, one point raised by Defendant in its reply brief concerning Amendment 782, and in combination with the §3553 factors, warrants relief. At the high end of the Guideline range, a two point deduction represents a serious and compelling reduction of 62 to 79 months to the Guideline range. In other words, the Guideline range reduction would have resulted in a custodial sentence of 262 to 327 months. The Sentencing Commission recognized that sentences for drug crimes were excessive and did not accomplish the intended purpose of curtailing illegal substance usage or distribution.

While Defendant is entitled to the benefit of Amendment 782, the issue before the court is to determine the impact of the sentencing reduction in light of the Government's Rule 35 motion and the subsequent 100 month sentence reduction attributable to Defendant's substantial cooperation. The court finds that Defendant is entitled to relief. The policy statements, as well as the 3553(a) factors, favor reducing Defendant's custodial sentence. While Defendant seeks a 191 month reduction of his sentence and the Government recommends only a 12 month reduction, the court notes that any reduction greater than about 8 ½ months will effectively obtain for Defendant the earliest possible release date under Amendment 782. As Defendant is currently scheduled to be released in this case on July 23, 2016, the court reduces Defendant's sentence by 9 months to effectuate Defendant's release from custody on or about November 1, 2015, the first date relief is available under Amendment 782. By any measure, a sentencing reduction of more that about 8 ½ months will not permit Defendant to be released from custody at any earlier point in time.

The court concludes that a 9 month reduction in Defendant's sentence is consistent the policy statements, Amendment 782, and adequately addresses the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, respect for the law, just punishment for the offense, deterrence to criminal conduct, and the protection of the public from further crimes of

the Defendant.

In sum, the court grants the motion for a reduction of sentence and reduces Defendant's sentence by nine months to effectuate a release date in this case of November 1, 2015.[5]

**IT IS SO ORDERED.**

DATED: July 30, 2015

Hon. Jeffrey T. Miller
United States District Judge

---

[5] While Defendant may be released from custody in the present case on November 1, 2015, the court notes Defendant must complete his sentence in 97cr 2149 JM and then he is subject to detention pursuant to the extradition request of the Republic of Mexico.